Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000425
09-NOV-2017
12:00 PM

NO. CAAP-17-0000425

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

BANK OF AMERICA, N.A., SUCCESSOR BY MERGER
TO BAC HOME LOANS SERVICING, LP,
fka COUNTRYWIDE HOME LOANS SERVICING, LP,
Plaintiff/Counterclaim-Defendant-Appellee,
v.
RANDALL M.L. YEE, SPECIAL ADMINISTRATOR OF THE
ESTATE OF CARY THORNTON,
Defendant/Counterclaim Plaintiff/Cross-Claim Defendant-Appellee,
and
CENTRAL PACIFIC BANK, a HAWAI'I CORPORATION,
Defendant/Counterclaim Plaintiff/Cross-Claim Plaintiff-Appellee,
and
HAWAII-KAI MARINA HOME OWNERS ASSOCIATION
ALSO KNOWN AS HAWAII KAI MARINA COMMUNITY ASSOCIATION,
AND SPINNAKER ISLE ASSOCIATION,
Defendants-Appellees,
and
JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20;
DOE ENTITIES 1-20; and DOE GOVERNMENTAL UNITS 1-20,
Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-0118)

ORDER GRANTING THE JULY 17, 2017
MOTION TO DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Fujise and Leonard, JJ.)

Upon review of (1) Plaintiff/Counterclaim-Defendant/Appellee Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing, LP's (Bank of America), July 17, 2017 motion to dismiss appellate court case number CAAP-17-0000425 for lack of appellate jurisdiction, (2) Appellant James Hall's (Hall) August 7, 2017 memorandum in opposition to Bank of America's July 17, 2017 motion to dismiss, (3) Bank of America's court-authorized August 18, 2017 reply memorandum in support of its July 17, 2017 motion, and (4) the record, it appears that Hall was a non-party in the underlying foreclosure case in Civil No. 12-1-0118-01 who lacks standing to assert an appeal in appellate court case number CAAP-17-0000425.

Hall is appealing from the Honorable Bert I. Ayabe's April 20, 2017 judgment on a decree of foreclosure, which was an immediately appealable judgment under Hawaii Revised Statutes (HRS) § 667-51(a) (2016). Hall's status as a non-party raises the issue of standing in his appeal.

> Generally, the requirements of standing to appeal are: (1) the person must first have been a party to the action; (2) the person seeking modification of the order or judgment must have had standing to oppose it in the trial court; and (3) such person must be aggrieved by the ruling, i.e., the person must be one who is affected or prejudiced by the appealable order.

Abaya v. Mantell, 112 Hawai'i 176, 181, 145 P.3d 719, 724 (2006) (citation, internal quotation marks and emphasis omitted; emphasis in original). "In other words, non-parties, who did not or could not intervene, are ordinarily denied standing to appeal." Id. (citation and internal quotation marks omitted; emphasis in original). Thus, for example, where an appellant had asserted an appeal from a case in which the appellant had never formally intervened pursuant to Rule 24 of the Hawai'i Rules of Civil Procedure (HRCP), the Supreme Court of Hawai'i held that,

2

"because Appellant was not made a party to the instant case, it lacks standing to appeal[,]" and the Supreme Court of Hawai'i "dismiss[ed] Appellant's appeal." Abaya v. Mantell, 112 Hawai'i at 184, 145 P.3d at 727.

Similarly in the instant case, no parties in Civil No. 12-1-0118-01 named Hall as a defendant in any of their multiple claims. While Hall, on February 26, 2013, filed an HRCP Rule 24 motion to intervene in Civil No. 12-1-0118-01, and under the collateral order doctrine, "[a]n order denying an application for intervention under HRCP Rule 24 is a final appealable order under HRS § 641-1(a)," Hoopai v. Civil Service Commission, 106 Hawai'i 205, 215, 103 P.3d 365, 375 (2004) (citation omitted), the circuit court never entered any written order granting or denying Appellant Hall's HRCP Rule 24 motion to intervene, because Appellant Hall withdrew his motion. See February 27, 2013 Circuit Court Minutes ("MR. HALL ORALLY WITHDREW HIS MOTION TO INTERVENE."). Consequently, Hall did not seek a ruling on his motion to intervene, and he did not intervene as party in Civil No. 12-1-0118-01 pursuant to HRCP Rule 24.

The subject property was owned by Cary Thornton (Thornton), Hall's friend and neighbor, who died during the course of the foreclosure action. A special administrator was appointed by the probate court to represent Thornton's estate with respect to the subject property, and the special administrator was substituted for Thornton in the underlying foreclosure action. Hall's claim of standing to appeal is based on the same contentions he raised in a related appeal challenging the probate court's denial of his motion to remove the special administrator of Thornton's estate. However, in the related appeal, we recently concluded that Hall had not established that he was an interested person with respect to Thornton's estate, and we affirmed the probate court's denial of Hall's motion to remove the special administrator. In re Estate of Thornton, No. CAAP-16-669 (Oct. 31, 2017).

3

Because Hall withdrew his motion to intervene and because he has not shown that he has an interest in the subject property or is authorized to represent Thornton's estate, we conclude that Halll lacks standing to assert an appeal.

Therefore, IT IS HEREBY ORDERED that Bank of America's July 17, 2017 motion to dismiss appellate court case number CAAP-17-0000425 for lack of appellate jurisdiction is granted, and appellate court case number CAAP-17-0000425 is dismissed.

IT IS FURTHER ORDERED that all pending motions are denied as moot.

DATED: Honolulu, Hawai'i, November 9, 2017.

Chief Judge

Associate Judge

Associate Judge

4